UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 14-50005 |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING |
| vs. | ) | DEFENDANT'S MOTION FOR |
| | ) | RECONSIDERATION OF BOND |
| CASEY JAMES GODFREY, | ) | [DOCKET 26] |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

Defendant Casey James Godfrey moves the court for reconsideration of its prior detention order. See Docket No. 26. Mr. Godfrey proposes to be released to his home with his wife and children and agrees to be subject to electronic monitoring. The government opposes the motion.

## FACTS

A hearing was held on Mr. Godfrey's most recent motion on Monday, April 14, 2014. Only argument and proffers were made by the parties at this hearing.

Previously, a full evidentiary hearing was held on the occasion of Mr. Godfrey's initial appearance in this court on Friday, January 24, 2014. At the most recent hearing in April, the court took Mr. Godfrey's motion under advisement because the court wanted to review the transcript from the January hearing before making a determination on the motion. A copy of the transcript

of that hearing has now been received and is filed in the court's record at Docket No. 28.

The facts adduced in the original pretrial bond report were that Mr. Godfrey, then age 27, was married and had two children under the age of four.  At the time, Mr. Godfrey's wife was expecting their third child within a few days.

Mr. Godfrey possessed a valid United States passport.  He had traveled outside the United States in May, 2013, to vacation in the Bahamas.

Mr. Godfrey has a Bachelor of Science degree in Exercise Science from Black Hills State University, graduating in 2011.  From there, Mr. Godfrey obtained employment with Servall, a janitorial business, in Chamberlain prior to being transferred to Rapid City in April, 2013.  In July 2013, Mr. Godfrey obtained employment with the Rapid City Area School District as a custodian and worked at the Pinedale Elementary School until his arrest on January 16, 2014.  Following his arrest, Mr. Godfrey obtained employment at Godfrey Brake Service, a Rapid City business owned by Mr. Godfrey's great-uncle.

Mr. Godfrey owns little in the way of assets.  In January he had a negative monthly net income.

Mr. Godfrey had no significant criminal history prior to his arrest in connection with the charges in this matter.  He was convicted of reckless driving in Lawrence County, South Dakota, in 2011.  He also had four speeding tickets.

Special Agent Brent Gromer of the South Dakota Division of Criminal Investigation testified at the January 24, 2014, hearing. His testimony consisted of facts pertinent to the charged offenses in this case. Agent Gromer testified that he was contacted by a law enforcement agent in Nebraska who had been communicating via the internet with Mr. Godfrey. The Nebraska officer was posing as a 14-year old girl. The officer and Mr. Godfrey chatted electronically about a number of things. One of the things Mr. Godfrey told the officer through his electronic chats was that there was an 11-year old girl at the school that he worked at that Mr. Godfrey thought was "cute." Mr. Godfrey also told the officer that his pornographic interests included incest and preteen pornography.

Mr. Godfrey texted the officer that Godfrey would send him pictures of Godfrey's private parts if the officer would send Godfrey pictures of "her" private parts. The officer took a photograph of a crease in his elbow and sent it to Godfrey, representing that it was a photo of "her" genitalia. Godfrey then took a photo of his erect penis and sent it to the officer.

It was at this point that the Nebraska officer contacted Agent Gromer to intervene. Officers traveled to Pinedale Elementary School to arrest Mr. Godfrey. They recognized him from the photograph of his penis because the photograph showed a particular ring on the finger of the person in the photo, and when the officers met Godfrey, they observed that he was wearing the same ring. In addition, the officers matched the background shown in the penis photo with

the elementary school bathroom at Pinedale and determined that Godfrey had taken the photo of his penis in a bathroom of the Pinedale elementary school.

Following his arrest, officers reviewed information on Mr. Godfrey's cell phone. On that phone, they found the name and phone number of the 11-year old girl that Mr. Godfrey had identified as "cute" to the Nebraska law enforcement officer.

The court denied Mr. Godfrey's request to be released on bond at the conclusion of the January 24, 2014 hearing. The court found that Mr. Godfrey was both a flight risk and a danger.

On January 30, 2014, the court granted Mr. Godfrey a temporary day-long furlough to attend the birth of his third child at the hospital. The conditions of the furlough required Mr. Godfrey to remain in the custody of his grandparents for the entire duration of the furlough. Mr. Godfrey returned to the jail at the end of his furlough without incident.

Mr. Godfrey now moves the court to be released to live at home with his wife. He proposes to work at Godfrey Brake Service, with his wife transporting him to and from that employment. He would agree to electronic monitoring while out on bond and agrees not to be alone with any children under the age of eighteen.

## DISCUSSION

A.   **Standard to Be Applied to Bond Determination**

The controlling law for this court's determination as to whether to detain Mr. Godfrey or to release him on bond is set forth in the Bail Reform Act, 18 U.S.C. § 3142.   For the ordinary case, the Act specifies a presumption in favor of release.   18 U.S.C. § 3142(a), (b), (c), and (e).   The government may move for detention based on either risk of flight or danger to the community or others (or both grounds).   18 U.S.C. § 3142(f)(1).   The court may order detention *sua sponte* only for risk of flight or based on a serious risk that the defendant will obstruct or attempt to obstruct justice, or will threaten, injure, or intimidate or attempt to threaten, injure or intimidate a prospective witness or juror. 18 U.S.C. § 3142(f)(2).

In order to justify detention based on a defendant's risk of nonappearance, the defendant's risk of flight must be established by a preponderance of the evidence.   United States v. Orta, 760 F.2d 887, 891 n.20 (8th Cir. 1985).   In order to justify detention based on a defendant's dangerousness, the danger must be established by clear and convincing evidence.   18 U.S.C. § 3142(f).

However, in cases in which there is probable cause to believe that a defendant committed a violation of 18 U.S.C. § 2422 involving a minor victim (attempted enticement of a minor using the internet), the presumption is reversed and there is a presumption that the defendant should be detained pending trial.   18 U.S.C. § 3142(e)(3)(E).   The presumption of detention found

in § 3142(e) represents a Congressional finding "that certain offenders . . . as a group are likely to continue to engage in criminal conduct undeterred either by the pendency of charges against them or by the imposition of monetary bond or other release conditions." United States v. Dominguez, 783 F.2d 702, 707 (7th Cir. 1986).

The burden of rebutting the § 3142(e) presumption rests on the defendant. See 18 U.S.C. § 3142(e). The burden does not shift the burden of persuasion to the defendant, but only imposes on him a burden of production. Id. It requires the defendant to meet a burden of production "to offer some credible evidence contrary to the statutory presumption." United States v. Alatishe, 768 F.2d 364, 371 (D.C. Cir. 1985). See also Dominguez, 783 F.2d at 707. Even if the defendant satisfies the burden of production, the presumption does not disappear; instead the court is required to consider the presumption along with all other evidence before the court in coming to a conclusion whether to release the defendant. Dominguez, 783 F.2d at 707. Once the defendant has met his burden of production, the court cannot rely solely on the presumption in detaining the defendant. Id.

Even if the defendant succeeds in carrying his burden of production by showing some credible evidence that he is not a risk of flight or a danger to anyone, the court is required to impose as mandatory conditions of release under the Bail Reform Act, that Mr. Godfrey be subject to electronic monitoring, a curfew, travel restrictions, a requirement of no contact with witnesses or alleged

victims, regular meetings with pretrial services, and no possession of firearms or dangerous weapons.  See 18 U.S.C. § 3142(c).

The presumption found at § 3142(e) does not apply unless the court finds probable cause to believe Mr. Godfrey committed a violation of 18 U.S.C. § 2422 involving a minor victim.  Section 2422(b), with which Mr. Godfrey is charged, provides:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

See 18 U.S.C. § 2422(b).

Here, the court takes judicial notice of the fact that a grand jury issued the indictment in this case, resulting in the present charges.  Therefore, the grand jury found probable cause to believe that Mr. Godfrey committed a violation of 18 U.S.C. § 2422 involving a minor victim as well as the other charges listed in the indictment.  This alone would be sufficient to trigger the presumption of detention.

However, the court also finds that probable cause exists–independent from the grand jury's determination—based on Agent Gromer's testimony at the January 24, 2014, hearing.  Mr. Godfrey took an active step in soliciting or enticing a minor by taking a photo of his penis in a place frequented by children below the age of 12.  He requested the "girl" to take a similarly revealing photo of

herself and received a photo that he believed to be of the "girl's" genitalia. Mr. Godfrey had identified an 11-year old girl as one of the objects of his affection and had taken the step of obtaining her name and phone number and recording it digitally, presumably for future reference, on his phone.  There is probable cause to believe that Mr. Godfrey violated 18 U.S.C. § 2422.

**B.    Factors to Be Considered**

In determining whether there are conditions that will assure Mr. Godfrey's appearance as well as the safety of any other person and the community, the Bail Reform Act directs the court to consider the available evidence concerning the following:

> –the nature and circumstances of the offense charged, including whether a minor victim is involved
>
> –the weight of the evidence against Mr. Godfrey
>
> –Mr. Godfrey's history and characteristics, including
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to any drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> –the nature and seriousness of the danger to any person or the community that would be posed by Mr. Godfrey's release.

See 18 U.S.C. § 3142(g).

## C. Findings of Fact

Based on the facts adduced in the pretrial bond report and the facts adduced at the evidentiary hearing in this matter, the court finds the following. The nature and circumstances of the offense charged are egregious, and do involve Mr. Godfrey's belief that a minor was involved. Mr. Godfrey's decision to take the photo of his own genitalia and send it to the "girl" and to do so inside the environs of an elementary school where small children are passing close by to Mr. Godfrey's location at the time represents a level of acting out and dangerousness not often encountered in typical cases involving pornography of minors or "sexting." Furthermore, his mere identification of an actual child with whom he had daily contact as "cute" is significant, but the added step of recording that child's name and Phone number in his phone raises Mr. Godfrey's behavior to a more heightened threat level.

The court is mindful that Mr. Godfrey did not present evidence on his own behalf as to the substance of the charged offense. Nevertheless, the weight of the evidence against Mr. Godfrey appears substantial.

Mr. Godfrey's own history and characteristics are mixed. On the one hand, he has no significant criminal history other than a minor traffic violation. He has a college education. He was gainfully employed both before and after his arrest in this matter. Mr. Godfrey does not appear to have a drug or alcohol dependency. Mr. Godfrey has many family ties in this area and has resided here for much of his life, although most recently he has resided in Chamberlain,

South Dakota.

Mr. Godfrey has no history of nonappearance at court proceedings.  He has traveled recently outside the United States, but he has few resources with which to flee.  His passport could easily be placed in the clerk's office pending these proceedings.  The penalty in this case—a mandatory minimum of ten years and up to life imprisonment—would certainly prompt anyone to think of attempting to flee.

The evidence adduced raises questions regarding Mr. Godfrey's mental stability.  The court notes that Mr. Godfrey has been in administrative segregation at the jail where he is being held, a status usually reserved for those detainees who are mentally unstable or who are physically aggressive.  Mr. Godfrey does not appear to be physically aggressive.  The plan for Mr. Godfrey's release would place him in somewhat close proximity to businesses frequented by children, including a day care center and a recreation center.

Finally, the court notes that the risk of danger posed to the community by Mr. Godfrey stems both from his personal presence and from access to the internet by him.  There are so many devices now that allow one to access the internet, from one's cellular telephone to one's DVR player to one's television set.  Mr. Godfrey could not be in the custody of a third party for twenty-four hours of every day.  There are times when he would be left alone.  Although electronic monitoring can verify Mr. Godfrey's location at any given time, it cannot

determine whether he is accessing the internet.

The court takes into consideration Mr. Godfrey's successful completion of the furlough for the birth of his third child. However, that furlough involved him remaining in the constant custody of a third party for the entirety of the furlough. Such an arrangement would not be practicable for a long-term release.

Although the court finds the facts in this case concerning bond to be close, the court concludes that Mr. Godfrey's motion to be released on bond should be denied. There is a presumption against detention and, although Mr. Godfrey's history and characteristics up to this point in his life stand him in good stead, the facts concerning the instant charges are very stark. The presumption tips the balance. Accordingly, good cause appearing, it is hereby

ORDERED that defendant Casey Godfrey's motion for reconsideration of bond [Docket No. 26] is denied.

Dated April 16, 2014.

        BY THE COURT:

        /s/ *Veronica L. Duffy*
        VERONICA L. DUFFY
        UNITED STATES MAGISTRATE JUDGE