UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CASEY JAMES GODFREY,<br><br>Defendant. | CR. 14-50005-JLV<br>CR. 14-50099-JLV<br><br><br>ORDER |

## INTRODUCTION

On October 21, 2014, defendant Casey Godfrey was charged by superseding indictment in CR. 14-50005.   (CR. 14-50005, Docket 44).   The three counts of the superseding indictment charge: count 1, attempted enticement of a minor using the internet; count 2, attempted transfer of obscene material to a minor; and count 3, receipt of child pornography.   Id.

On October 21, 2014, Mr. Godfrey was charged by indictment in CR. 14-50099.   (CR. 14-50099, Docket 2).   The two counts of the indictment charge: count 1, enticement of a minor using the internet; and count 2, receipt of child pornography.

On December 3, 2014, the government filed motions for joinder of the cases and notices pursuant to Fed. R. Evid. 404(b) in both cases.   (CR. 14-50005, Dockets 57 & 58; CR. 14-50099, Dockets 11 & 12).   On December 8, 2014, Mr. Godfrey filed responses in opposition to the joinder motions and the Rule 404(b) notices.   (CR. 14-50005, Dockets 62 & 63; 14-50099, Dockets 14 &

15).   Because the pleadings of the parties are nearly identical in both cases, the court will focus on the factual summary and arguments of counsel in CR. 14-50005 unless otherwise indicated.[1]

## SUMMARY OF FACTS

Resolution of a motion for joinder must be determined from the factual allegations of the indictment and those allegations are to be considered as true. United States v. Massa, 740 F.2d 629, 644 (8th Cir. 1984) (overturned on other grounds).   See also United States v. Willis, 940 F.2d 1136, 1138 (8th Cir. 1991) ("the indictment on its face revealed a proper basis for joinder"); United States v. Jones, 880 F.2d 55, 62 (8th Cir. 1989) ("the superseding indictment reveals on its face a proper basis for joinder").

In the present cases, the government's case summaries go beyond the factual allegations of the indictments.   But, for purposes of consideration of the pending motions and Rule 404(b) notices, Mr. Godfrey "has no objection to the case background and relevant facts" submitted by the government.   (Docket 63 at p. 1).   With the defendant's concession, the government's statement of the case background and relevant facts are adopted and incorporated by reference. See Docket 57 at pp. 2-6.

---

[1]The court already issued a pretrial conference order in CR. 14-50005. (Docket 60).   In informal communications with counsel, the court advised the parties that if the government's motion for joinder was granted, the court would issue an order for consolidation of the cases and issue a new pretrial conference order maintaining the same dates for trial.   Counsel was not opposed to that plan if joinder occurred.

**ANALYSIS**

Federal Rule of Criminal Procedure 8 permits the joinder of charges

against a defendant.    That rule provides:

> (a) Joinder of Offenses.   The indictment . . . may charge a
> defendant in separate counts with 2 or more offenses if the
> offenses charged . . . are of the same or similar character, or
> are based on the same act or transaction, or are connected
> with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a).   Mr. Godfrey "concedes that the counts in files CR.

14-50005 and CR. 14-50099 may lawfully be joined under Federal Rule 8(a)

given that the counts contain allegations that are of similar character."   (Docket

63 at p. 1).   Mr. Godfrey objects to joinder under Fed. R. Crim. P. 14.   Id. at p. 2.

That rule provides:

> If the joinder of offenses . . . or a consolidation for trial appears
> to prejudice a defendant . . . the court may order separate
> trials of counts . . . or provide any other relief that justice
> requires.

Fed. R. Crim. P. 14(a).

"Even if charges are properly joined under Rule 8, a district court

may exercise its discretion and sever the charges if the defendant will be

prejudiced by the joinder of the two charges."   United States v. Garrett,

648 F.3d 618, 625 (8th Cir. 2011).   "Severe prejudice occurs when a

defendant is deprived of an appreciable chance for an acquittal, a chance

that [he] would have had in a severed trial . . . ."   Id. at 625-26 (internal

citation omitted).   "[T]here is a strong presumption against severing

properly joined counts . . . [and] [t]he defendant bears the burden of

3

establishing prejudice." Id. at 626. "Prejudice to the defendant must be both 'real' and 'clear' . . . . To satisfy the real prejudice standard, a defendant may show . . . that the jury will be unable to compartmentalize the evidence . . . . The defendant carries a heavy burden in making this showing." United States v. Payton, 636 F.3d 1027, 1037 (8th Cir. 2011) (internal quotation marks and citation omitted).

Mr. Godfrey argues allowing the jury to consider "separate and distinct alleged criminal transactions involving children will lead to confusion related to determining what evidence relates to which count on the verdict form." (Docket 63 at p. 2). Mr. Godfrey asserts allowing the jury to hear this "evidence related to separate transactions presents a serious risk that the jury's passions will be unfairly flamed against [him] and that jury may convict simply based upon the number of allegations against Mr. Godfrey as opposed to fairly weighing the evidence to come to a true verdict." Id.

Resolution of the severance issue under Rule 14(a) in the context of this case necessarily centers on the court's analysis of Mr. Godfrey's objection to the government's notice of Rule 404(b) evidence. That rule provides:

> Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character . . . .

> This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(b)(1) & (2).

4

Other bad acts are not admissible if such evidence has "no bearing on the case and was introduced solely to prove the defendant's propensity to commit criminal acts." United States v. Stroud, 673 F.3d 854, 860 (8th Cir. 2012) (internal quotation marks and citations omitted). "The evidence must be (1) relevant to a material issue; (2) similar in kind and not overly remote in time to the crime charged; (3) supported by sufficient evidence; and (4) higher in probative value than prejudicial effect." Id. (internal quotation marks and citations omitted).

"Evidence of . . . [other] bad acts is admissible to show a common plan or scheme . . . or intent . . . ." United States v. Baker, 82 F.3d 273, 276 (8th Cir. 1996) (internal citations omitted). "Proximity in time is a factor in deciding whether to admit 404(b) evidence, but there is no fixed period within which the prior acts must have occurred." Id. The lapse of time between the other bad acts and the current charges is not significant to the question of admissibility "particularly if the prior acts are so nearly identical in method as to earmark them as the handiwork of the accused . . . ." Id. (internal quotation marks omitted). Where intent is an element of the crimes charged, "evidence of other acts tending to establish that element is generally admissible." United States v. Green, 275 F.3d 694, 701 (8th Cir. 2001) (quotation marks omitted).

Rule 404(b) is a "rule of inclusion rather than exclusion and admits evidence of other crimes or acts relevant to any issue in the trial, unless it tends to prove only criminal disposition." United States v. Heidebur, 122 F.3d 577,

579 (8th Cir. 1997).   "Thus, evidence of prior bad acts that is probative of the crime charged is not excluded under Rule 404(b)."   Id.   Where evidence of other crimes is "so blended or connected, with the one[s] on trial as that proof of one incidentally involves the other[s]; or explains the circumstances; or tends logically to prove any element of the crime charged, it is admissible as an integral part of the immediate context of the crime charged."   United States v. Swinton, 75 F.3d 374, 378 (8th Cir. 1996) (quotations omitted).

The offenses charged in CR. 14-50005 and CR. 14-50099 are alleged to have occurred within a seven-month period—July 2013 through January 2014. By the factual summary the acts alleged are similar in that both indictments charge the unlawful use of the internet through the use of a cell phone and a computer to communicate with minors, or an individual perceived by the defendant to be a minor,[2] and to receive child pornography.   The government alleges the defendant's method of communicating with the minors was through the use of a number of e-mail accounts and chat sites.   It is alleged that at various times Mr. Godfrey asked each of the minors to move from one e-mail account to another or to a different chat site.   In each case, it is alleged the

---

[2]In CR. 14-50005, the government alleges the female minor was actually a Nebraska State Trooper posing as a 14-year-old.   (CR. 14-50005, Docket 59 at pp. 1 & 3).   In CR. 14-50099, the minor is identified as L.M.B.   (CR. 14-50099, Docket 2).

6

defendant enticed or encouraged the minor to send sexually provocative or pornographic photographs of themselves to him.[3]

Separate and apart from the allegations of either indictment, the government alleges another bad act occurred in which the defendant communicated over the internet with M.R., a relative of defendant's wife. During these communications, it is alleged the defendant made multiple efforts to get M.R. to send him sexually explicit photographs.

Under Rule 404(b) the evidence is admissible to prove "intent, preparation, plan[ning], knowledge, absence of mistake or lack of accident."   Fed. R. Evid 404(b)(2).   The final determination on admissibility under Rule 404(b) must include a balancing of the prejudicial effect of the evidence under Rule 403. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."   Fed. R. Evid. 403.   "[A]lthough all Rule 404(b) evidence is inherently prejudicial, the test for exclusion under Rule 403 is whether its probative value is substantially outweighed by the danger of unfair prejudice."   United States v. Pierson, 544 F.3d 933, 940 (8th Cir. 2008) (quotation marks and brackets omitted).

---

[3]"In attempted enticement of a minor cases, the defendant's intent can be inferred when the defendant has online conversations of a sexual nature with a minor."   United States v. Young, 613 F.3d 735, 742 (8th Cir. 2010).

The court finds the proffered Rule 404(b) evidence, that is, the factual allegations which support the separate indictments and the separate evidence relating to M.R., is not unduly prejudicial or likely to confuse or mislead the jury if presented during the trial of the joined counts.   The evidence is "neither too remote nor too prejudicial to be admissible under Rule 404(b)."   Baker, 82 F.3d at 276.   The defendant's objections to the government's notice of Rule 404(b) evidence must be overruled.

Having concluded the Rule 404(b) evidence is admissible, the court finds Mr. Godfrey will not be unduly prejudiced by joinder because all the evidence relating to the offense conduct in one indictment is admissible as evidence at trial of the other indictment.   Fed. R. Crim. P. 8(a) & 14(a).   Consolidation of cases CR. 14-50005 and CR. 14-50099 shall occur and all future pleadings shall be filed in CR. 14-50005.   For purposes of trial, the allegations of counts 1-3 in CR. 14-50099 will be identified as counts 4-7 in CR. 14-50005.

## ORDER

Based on the above analysis, it is hereby

ORDERED that the defendant's objections to the use of Rule 404(b) evidence (CR. 14-50005, Docket 62; CR. 14-50099, Docket 14) are denied.

IT IS FURTHER ORDERED that the government's motions for consolidation (CR. 14-50005, Docket 57; CR. 14-50099, Docket 11) are granted.

IT IS FURTHER ORDERED that CR. 14-50005 and CR. 14-50099 are consolidated and all future pleadings shall be filed in CR. 14-50005.

8

IT IS FURTHER ORDERED that counts 1-3 of the indictment in CR. 14-50099 shall be identified as counts 4-7 in the jury instructions and verdict form for trial in CR. 14-50005.

IT IS FURTHER ORDERED that defendant's motion for a date certain for trial (CR. 14-50099, Docket 10) is denied as moot.

Dated December 11, 2014.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE

9